UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRIAN KORN, individually; on behalf of all others similarly situated,

      Plaintiffs,

  v.

POLO RALPH LAUREN CORPORATION, a Delaware Corporation; and DOES 1 through 50 inclusive,

      Defendants.

NO. CIV. S-07-02745 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Polo Ralph Lauren Corporation's ("defendant" or "Polo") motion to dismiss or, alternatively, motion to strike portions of plaintiff Brian Korn's ("plaintiff" or "Korn") complaint for violations of the Song-Beverly Credit Card Act of 1971, California Civil Code § 1747.08. Plaintiff opposes the motions. For the reasons set

1

forth below,[1] defendant's motions are GRANTED in part and DENIED in part.

**BACKGROUND**

On November 2, 2007, plaintiff filed a class action complaint in the Solano County Superior Court in the State of California (hereinafter "the complaint"), alleging two causes of action for violations of California Civil Code § 1747.08, arising out of defendant's (1) requests for and recording of telephone numbers and addresses when a customer pays for goods with a credit card; and (2) utilization of a credit card form which contains preprinted spaces for the telephone number and address of the cardholder. (Compl. ¶ 1). Plaintiff's complaint identifies two putative classes, the "Purchase Class" and the "Refund Class." (Id. ¶¶ 28, 36). The putative Purchase Class consists of "all persons in California from whom [d]efendant requested and recorded personal identification information as part of a credit card transaction." (Id. ¶ 28). The putative Refund Class consists of "all persons in California who entered into credit refund transactions with [d]efendant, wherein a credit card transaction form was utilized which contained a pre-printed space specifically designated for filling in the telephone number and/or address of the cardholder." (Id. ¶ 36). On December 19, 2007, defendant removed the action to this court on the basis of the Class Action Fairness Act of 2005.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

2

1     Plaintiff alleges that on or about July 30, 2007, he
2 purchased products at defendant's retail store located in
3 Vacaville, California.  (Id. ¶¶ 15-18).  During the sale
4 transaction, after Polo's employee informed plaintiff of the
5 amount due for the product, plaintiff handed the employee his
6 credit card.  (Id. ¶ 18).  The employee swiped the card and
7 entered/recorded the credit card number into an electronic cash
8 register at the checkout counter.  (Id.)  The employee requested
9 personal identification information from plaintiff, including his
10 telephone number and address.  (Id. ¶ 19).  Plaintiff was not
11 informed of the consequences if he did not provide his address
12 and telephone number.  (Id.)  Plaintiff gave the employee this
13 information, and the employee typed and recorded the information
14 into the electronic cash register.  (Id. ¶ 20).  The employee
15 then printed out and handed plaintiff a credit card transaction
16 form to sign.  (Id. ¶ 22).  Plaintiff and defendant's employee
17 completed the transaction, and plaintiff left the store with his
18 purchased items.  (Id. ¶ 23).

19     Plaintiff further alleges that on or about August 1, 2007,
20 plaintiff went to defendant's same retail store in Vacaville,
21 California to return a product that he had previously purchased
22 with a credit card.  (Id. ¶ 24).  Plaintiff presented defendant's
23 employee with a receipt containing the purchase information.
24 (Id. ¶ 25).  The employee printed out a credit card transaction
25 form, which previously contained preprinted spaces specifically
26 designated for filling in the address of the cardholder, but
27 which contained plaintiff's address in the preprinted spaces.
28 (Id. ¶ 26).  The employee handed the form to plaintiff to sign,

3

1 plaintiff signed the form, and the employee processed the credit
2 card refund.  (Id. ¶¶ 26-27).
3       Plaintiff asserts that defendant utilized and continues to
4 utilize a "Telephone and Address Capture Policy," whereby
5 defendant's cashiers both request and record telephone numbers,
6 addresses, and credit card numbers from customers using credit
7 cards at the point-of-sale in defendant's retail establishments.
8 (Id. ¶ 47).  Plaintiff also asserts that defendant utilized, in
9 each and every credit card refund transaction, a credit card form
10 which contained preprinted spaces designated for filling in the
11 telephone number and address of the cardholder, in violation of §
12 1747.08(a)(3).  (Id. ¶ 53).  Plaintiff seeks, on behalf of
13 himself, the Purchase Class, and the Refund Class, civil
14 penalties in amounts up to $1000 per violation and preliminary
15 and permanent injunctive relief.

16                              **STANDARD**

17      On a motion to dismiss, the allegations of the complaint
18 must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322
19 (1972).  The court is bound to give plaintiff the benefit of
20 every reasonable inference to be drawn from the "well-pleaded"
21 allegations of the complaint.  Retail Clerks Int'l Ass'n v.
22 Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff
23 need not necessarily plead a particular fact if that fact is a
24 reasonable inference from facts properly alleged.  See id.
25      Nevertheless, it is inappropriate to assume that the
26 plaintiff "can prove facts which it has not alleged or that the
27 defendants have violated the . . . laws in ways that have not
28 been alleged."  Associated Gen. Contractors of Calif., Inc. v.

1 Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).
2 Moreover, the court "need not assume the truth of legal
3 conclusions cast in the form of factual allegations." United
4 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
5 Cir. 1986).

6     Ultimately, the court may not dismiss a complaint in which
7 the plaintiff has alleged "enough facts to state a claim for
8 relief that is plausible on its face." Bell Atlantic Corp. v.
9 Twombly, 127 S. Ct. 1955, 1974 (2007).  Only where a plaintiff
10 has not "nudged [his or her] claims across the line from
11 conceivable to plausible," is the complaint properly dismissed.
12 Id.  "[A] court may dismiss a complaint only if it is clear that
13 no relief could be granted under any set of facts that could be
14 proved consistent with the allegations."  Swierkiewicz v. Sorema
15 N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King &
16 Spalding, 467 U.S. 69, 73 (1984)).

17 **ANALYSIS**
18 **A.   Claim of Plaintiff and the Putative Purchase Class**
19     Plaintiff asserts a claim for violation of California Civil
20 Code § 1747.08(a)(2) on behalf of himself and the putative
21 purchase class.  Plaintiff alleges that this claim arises out of
22 defendant's "Telephone and Address Capture Policy," which was
23 demonstrated during the course of plaintiff's July 30, 2007
24 purchase transaction.  Defendant asserts that this claim should
25 be dismissed because plaintiff failed to allege that Polo
26 requested or required this information as a condition to
27 accepting the credit card as payment.
28

Section 1747.08(a)(2) is part of the Song-Beverly Credit Card Act. The statute was designed to promote consumer protection through the imposition of fair business practices. Young v. Bank of Am., 141 Cal. App. 3d 108, 114 (1983). "Such a law is remedial in nature and in the public interest and is to be liberally construed to the end of fostering its objectives." Id. (quoting Continental Cas. Co. v. Phoenix Constr. Co., 46 Cal. 2d 423, 434 (1956)).

Specifically, § 1747.08 provides, in relevant part, that no corporation that accepts a credit card for the transaction of business shall "[r]equest, or require as a condition to accepting the credit card as payment . . ., the cardholder to provide personal identification information." Cal. Civ. Code § 1747.08(a)(2) (West 2008). For purposes of the statute, personal information includes, but is not limited to, the cardholder's address and telephone number. Cal. Civ. Code § 1747.08(b). The Act was amended in 1991 by adding the word "request" to the statute. The effect of this addition is the crux of the issue presented by defendant's argument.

In Florez v. Linens 'n Things, Inc.,[2] the court held "the addition of the word 'request' to § 1747.08 bars a preliminary request for personal identification information" in conjunction with a credit card transaction. 108 Cal. App. 4th 447, 453 (2003). The court noted that § 1747.08 is a consumer protection

---

[2] The Florez court noted that although the California Supreme Court has considered certain aspects of class action certification under the statute, it was the first California court to consider the precise meaning of § 1747.08. Florez, 108 Cal. App. 4th at 450 n.3 (citing Linder v. Thrifty Oil Co., 23 Cal. 4th 429 (2000)).

6

1  statute and thus, a retailer's request for personal
2  identification must be analyzed from the viewpoint of the
3  consumer.  Id. at 451.  As such, the dispositive question is
4  "whether a consumer would *perceive* the store's 'request' for
5  information as a 'condition' of the use of a credit card."  Id.
6  The court first looked at the plain language of the statute and
7  held that it unambiguously prohibited the request of personal
8  identification information in conjunction with the use of a
9  credit card.  Id. at 451-52.  The court also analyzed the
10 legislative history of § 1747.08 and noted that numerous
11 legislative reports further supported the court's conclusion.
12 Id. at 452-53 ("[T]he legislative intent suggests the 1991
13 amendment simply clarified that a 'request' for personal
14 identification information was prohibited if it immediately
15 preceded the credit card transaction, even if the consumer's
16 response was voluntary and made only for marketing purposes.").
17 As such, the Florez court held that a plaintiff need not allege
18 that a defendant's request for personal identification
19 information was a condition to accepting the credit card in order
20 to sufficiently state a cause of action for violation of §
21 1747.08.  Id. at 451, 453.  Rather, a plaintiff may state a cause
22 of action by alleging that a defendant requested such information
23 in conjunction with a credit card transaction.  Id.

24     Plaintiff's complaint sufficiently alleges that defendant
25 requested personal identification information in conjunction with
26 a credit card transaction.  Plaintiff alleges that he gave
27 defendant's employee his credit card and that the employee
28 swiped, entered, and/or recorded his credit card information.

7

1  (Compl. ¶ 18).  Plaintiff further alleges that defendant's
2  employee then requested plaintiff's telephone number and address
3  without informing plaintiff of the consequences if plaintiff did
4  not provide this information.  (Id. ¶ 19).

5   Defendant argues that the court's decision in Florez is
6  distinguishable because, in Florez, the plaintiff specifically
7  alleged that she believed she was required to give her personal
8  information in order to complete the transaction and plaintiff
9  has not specifically alleged such facts in this case.
10 Defendant's argument is without merit.  The court's holding in
11 Florez was based upon its analysis and interpretation of the
12 plain language of the statute, and the court did not rely upon or
13 mention the plaintiff's specific allegation that she believed the
14 request was a condition in arriving at its conclusion.  108 Cal.
15 App. 4th at 450-54.  A plain reading of the statute, as further
16 supported by legislative intent, supports the Florez court's
17 holding that a defendant is not allowed to request such
18 information because "a customer *might perceive* that request as a
19 condition of credit card payment."  Id. at 453 (emphasis added).
20 As such, plaintiff need not expressly allege that he believed
21 such information was necessary to complete the transaction.
22 Moreover, even if such actual subjective belief was necessary to
23 state a cause of action for a violation of § 1747.08, under
24 liberal notice pleading standards, a court may reasonably infer
25 from plaintiff's allegations that he felt compelled to provide
26 personal identification information to complete the credit card
27 transaction.
28

1     Therefore, defendant's motion to dismiss plaintiff's claim
2  for a violation of § 1747.08(a)(2) is DENIED.
3  **B.   Claim of Plaintiff and the Putative Refund Class**
4     Plaintiff also asserts a claim for violation of California
5  Civil Code § 1747.08(a)(3) on behalf of himself and the putative
6  refund class.  Plaintiff alleges that this claim arises out of
7  defendant's use of a credit card form that contains preprinted
8  spaces specifically designated for filling in the telephone and
9  address of the cardholder in each and every refund transaction,
10 which was demonstrated during the course of plaintiff's August 1,
11 2007 refund transaction.  Defendant asserts that this claim
12 should be dismissed because § 1747.08 does not apply to credit
13 card refund transactions.
14    Section 1747.08(a) provides that no corporation that accepts
15 credit cards for the transaction of business shall:

> (1)  Request, or require as a condition to accepting
>      the credit card as payment . . . the cardholder to
>      write any personal identification information upon
>      the credit card transaction form or otherwise.
>
> (2)  Request, or require as a condition to accepting
>      the credit card as payment . . . the cardholder to
>      provide personal identification information, which
>      the . . . corporation accepting the credit card
>      writes, causes to be written, or otherwise records
>      upon the credit card transaction form or
>      otherwise.
>
> (3)  Utilize, in any credit card transaction, a credit
>      card form which contains preprinted spaces
>      specifically designated for filling in any
>      personal identification information for the
>      cardholder.

Cal. Civ. Code § 1747.08(a).  Defendant argues that in the
context of the statute, § 1747.08(a)(3) applies only to purchase
transactions, not refunds.  Plaintiff contends that the plain

9

1 language of the statute demonstrates that § 1747.08(a)(3) applies
2 to the use of preprinted forms in all credit card transactions,
3 including refunds.
4     It is well settled under California's rules of statutory
5 interpretation that "if the text is unambiguous and provides a
6 clear answer, [the court] need go no further." Microsoft Corp.
7 v. Franchise Tax Bd., 39 Cal. 4th 750, 758 (2006) (citing Hoechst
8 Celanses Corp. v. Franchise Tax Bd., 25 Cal. 4th 508, 519
9 (2001)). However, where the statutory language is ambiguous or
10 could support multiple readings, the court may consult extrinsic
11 sources. Id. The meaning of a statute is discerned from reading
12 the statute as a whole, not from reading sentences or clauses in
13 isolation. Leroy T. v. Workmen's Comp. Appeals Bd., 12 Cal.3d
14 434, 438 (1974); see also Beecham v. Unites States, 511 U.S. 368,
15 372 (1994).
16     When viewed in *isolation*, the meaning of § 1747.08(a)(3) is
17 clear; this subsection prohibits the use of preprinted forms in
18 all credit card transactions, including refunds. See Romeo v.
19 Home Depot U.S.A., Inc., 06-cv-1505, 2007 WL 3047105, *5 (S.D.
20 Cal. Oct. 16, 2007). However, in the *context* of the entirety of
21 § 1747.08(a) and alongside the companion liability provisions set
22 forth in (a)(1) and (a)(2) that prohibit the request or
23 requirement of personal identification only in regards to credit
24 card purchases, the court finds that the meaning of (a)(3) is
25 ambiguous and supports multiple readings. See id. Specifically,
26 it is unclear whether (a)(3) was intended to apply to all credit
27 card transactions or whether, in accordance with (a)(1) and
28 (a)(2), it was intended to apply only to purchase transactions.

See id. Moreover, the statute limits the seeking of civil penalties to "the person *paying* with a credit card." Cal. Civ. Code § 1747.08(e) (emphasis added). Therefore, the court may look to extrinsic sources, such as legislative history, to discern the meaning of § 1747.08(a)(3).

The legislative history of the Song-Beverly Act demonstrates that its purpose is "to protect the personal privacy of consumers who *pay* for transactions with credit cards." (Assembly Comm. on Fin. and Ins., AB 2920, Mar. 19, 1990, Ex. A to Def.'s Req. for Judicial Notice, file Mar. 21, 2008) (emphasis added). The bill was introduced to address the state of existing law, which did not authorize of forbid a merchant from "requiring a customer to provide a telephone number or other information on a transaction form *as a prerequisite for use of a credit card as payment for a transaction*." (Id.) (emphasis added). Further, the remedy provided by the statute for private litigants allows civil penalties only to those private plaintiffs who paid by credit card. Cal. Civ. Code § 1747.08(e). There is no mention of refund transactions in the remedy provisions. Moreover, plaintiff proffers no evidence that the California legislature considered refund transactions in drafting this statute. As such, in context of the ambiguity created by (a)(1) and (a)(2) and in light of the legislative history of the statute, the court holds that the term "credit card transaction" in § 1747.08(a)(3) relates only to the use of preprinted forms during credit card purchases.

This court's holding is consistent with the only other courts to address this issue. In Romeo v. Home Depot U.S.A.,

11

Inc., the District Court for the Southern District of California similarly held that § 1747.08(a)(3) applied only to the use of preprinted forms during credit card purchases, not refund transactions. Romeo, 2007 WL 3047105, at *6-7. In addition to finding that this holding was supported by legislative history, the Romeo court also noted that interpreting subsection (a)(3) to include refund transactions "would lead to an absurd result." Id. at *7. Specifically, the court recognized that such an interpretation "would outlaw solicitation of cardholder information during a refund through the use of a preprinted form, but allow the same solicitation if made orally." Id. This court agrees.

Similarly, in The TJX Companies, Inc. v. Caldwell, the California Court of Appeal for the Fourth Appellate District held that to interpret the prohibition in subsection (a)(3) "to apply to transactions beyond those covered in the first to subdivisions leads to the anomalous conclusion that for return transactions, it is acceptable to requires or require cardholders to furnish personal information but they may not be requested or required to do so on forms designed for this purpose." (Def.'s Notice of Issuance of Court of Appeal Opinion, filed May 22, 2008, at 9). Moreover, the TJX court also noted that the return of merchandise implicates different considerations than the purchase of the same, such as the substantial opportunities for fraud.[3] Id. As

---

[3] The TJX court noted that although petitioner had proffered substantial evidence that the legislative history as well as the interpretation of the statute by the Legislative Counsel supported the court's analysis, the court need not rely on extrinsic evidence to construe § 1747.08(a) because the meaning was clear from the language of the statute. (Id. at 10).

1  such, the court held that § 1747.08 does not apply to merchandise
2  returns.  This court also agrees with the holding of the only
3  California court to address this issue.
4      Therefore, defendant's motion to dismiss plaintiff's claim
5  for a violation of § 1747.08(a)(3) is GRANTED.

**C.   Injunctive Relief**

Finally, defendant asserts that plaintiff's request for injunctive relief should be stricken because plaintiff is not authorized to secure such relief under § 1747.08.  Section 1747.08 provides, in relevant part:

> Any person who violates this section shall be *subject to a civil penalty . . . to be assessed and collected in a civil action brought by the person paying with a credit card, by the Attorney General, or by the district attorney or city attorney* of the county or city in which the violation occurred. . . .  When collected, the civil penalty shall be payable, as appropriate, to the person paying with a credit card who brought the action, or to the general fund of whichever governmental entity brought the action to assess the civil penalty.
>
> *The Attorney General, or any district attorney or city attorney* within his or her respective jurisdiction, *may bring an action* in the superior court in the name of the people of the State of California *to enjoin* violation of subdivision (a) . . . .

Cal. Civ. Code § 1747.08(e)-(f) (emphasis added).

"[W]here a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided."  Estate of Starkweather, 64 Cal. App. 4th 580, 593 (1988); see De Anza Santa Cruz Mobile Estates Homeowners Ass's v. De Anza Santa Cruz Mobile Estates, 94 Cal. App. 4th 890, 912 (2001) ("Where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for

13

statutory violations."); see also Religious Tech. Ctr. v. Wollersheim, 796 F.2d 1076, 1088 (9th Cir. 1986) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.").

When enacted, the Song Beverly Act addressed the existing law that neither authorizes nor forbade merchants from requiring personal information as part of a credit card transaction. (See Ex. A to Def.'s Req. for Judicial Notice). As such, the statute created new rights. A plain reading of the statute as a whole reveals, unambiguously, that plaintiffs may sue for civil penalties while the Attorney General or other government actor may sue for both civil penalties and injunctive relief. Plaintiff, as a private citizen, is confined to the statutory remedy of civil penalties as expressly provided in § 1747.08(e).

Therefore, defendant's motion to strike plaintiff's claim for injunctive relief is GRANTED.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part. Defendant's motion to strike is GRANTED.

IT IS SO ORDERED.

DATED: May 28, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE