James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
LINDSAY & STONEBARGER, APC
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Phone: (916) 294-0002 / Fax: (916) 294-0012

James R. Patterson, State Bar No. 211102
Harry W. Harrison, State Bar No. 211141
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, Suite 1905
San Diego, CA 92101
Phone: (619) 756-6990 / Fax: (619) 756-6991

Attorneys for Plaintiff

[Additional Counsel Listed on Last Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| BRIAN KORN, individually; on behalf of himself and all others similarly situated, | ) ) ) Case No.  07-CV-02745-FCD-JFM |
| Plaintiff, | ) ) |
| vs. | ) **STIPULATED PROTECTIVE ORDER** |
| POLO RALPH LAUREN CORPORATION, a Delaware corporation; and DOES 1 through 50 inclusive, | ) ) ) ) |
| Defendants. | ) ) |

1    To facilitate discovery and protect, pursuant to Federal Rule of Civil Procedure 26(c), the

2    confidentiality of and rights to information and documents disclosed in connection with this

3    litigation, plaintiff Brian Korn and defendant Polo Ralph Lauren Corp. ("Polo") stipulate to the

4    terms, and the Court hereby orders, as follows:

5    1)    Any information or materials, including, without limitation:  (a) documents,

6    exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony

7    and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored

8    matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or

9    summaries of such information, and the information itself; and (c) any pleading, affidavit,

10    declaration, brief, motion, transcript or other writing containing such information ((a), (b) and (c)

11    collectively, "Litigation Materials") may be designated as "Confidential" or "Highly

12    Confidential" under this Order.

13        a)    Litigation Materials that contain or comprise non-public information may

14                be designated as "Confidential" in the manner described below.  Litigation

15                Materials that contain or comprise trade secrets; other confidential

16                research, development, or commercial information; those portions of

17                non-public contracts that contain information of a proprietary nature;

18                business or marketing plans, strategies, or policies; competitively sensitive

19                research, analysis or development information; product design

20                information; source code, object code, or any other executable or

21                compilable code; that has not been released commercially in the form in

22                which it is produced; information concerning the structure and operation

23                of internal information or computer systems; and/or non-public financial

24                data and/or information that is of like proprietary nature may be designated

25                "Highly Confidential" in the manner described below.

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM          2

b)     The documents that Polo presently anticipates will be required to be designated as "Confidential" or "Highly Confidential" include the following:

i)     **Trade Secret Documents**, including Website design and development documents, that are not publicly available and from which Polo derives some type of economic benefit because the documents or information are not generally known, and reasonable steps are taken to ensure the material's confidentiality, and those portions of the correspondence and memoranda relating to them that contain such information.

ii)     **Confidential Research Information**, including Quarterly Business Review Documents, Data Analysis, and eRaid Reports, Sales information in greater detail than revealed publicly, and Commercial Reports, and those portions of the correspondence and memoranda relating to them that contain such information.

iii)     **Confidential Development and Commercial (Business) Information**, including Internal pricing issues and policies, Aggregated consumer price lists, reports on sales, pricing and economic trends, Status Reports, and those categories of information that have been redacted in various filings with the Securities and Exchange Commission ("SEC"), and those portions of the correspondence and memoranda relating to them that contain such information.

iv)     **Personally Identifiable Information**, including customer names, addresses, telephone numbers, credit card numbers, e-mail

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM      3

1                          addresses, or other personally identifiable customer information,

2                          and those portions of the correspondence and memoranda relating

3                          to them that contain such information (hereinafter "Personally

4                          Identifiable Information").

5         v)      **Third Party Information That the Parties Are Under an**

6                          **Obligation to Maintain As Confidential**, including confidential

7                          contracts and communications with vendors, suppliers, customers,

8                          credit card processors, credit card issuers, and those portions of the

9                          correspondence and memoranda relating to them that contain such

10                         information; and the information transmitted to the defendant by

11                         customers other than the Personally Identifiable Information

12                         referenced above.

13     2)      All Litigation Materials designated "Confidential" or "Highly Confidential"

14 provided in discovery in connection with the above-captioned action (the "Action"), and the

15 contents thereof, shall only be used or disclosed as provided for in this Order, and shall not be

16 made public by any receiving person or be used for any purpose other than the preparation and

17 trial of this Action.

18     3)      Any party (as used in this Order, and unless otherwise specified, "party" shall

19 mean the named plaintiff and the named defendant in this litigation) or nonparty may designate

20 Litigation Materials, or portions thereof, which are considered confidential or highly confidential

21 by marking them "Confidential" or "Highly Confidential" respectively, on each and every page of

22 the document, or in the case of any documents, information or data produced in electronic form,

23 on the physical media itself or on any container holding the media.

24

25

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM        4

1    4)    Nothing in this Order shall constitute a waiver by the parties of their right to move

2    for an Order from the Court requiring the use or disclosure of Personally Identifiable

3    Information.

4    5)    Polo will not produce any Personally Identifiable Information absent entry of a

5    Court order.  Polo agrees not to oppose any motion by plaintiff for an Order from the Court

6    allowing the disclosure of such information at the appropriate time.  In the event that the Court

7    issues an order requiring that Polo disclose any Personally Identifiable Information, plaintiff's

8    counsel shall view this information at a secure facility in California, at a location to be

9    determined by counsel, and on an "attorneys' eyes only" basis.

10    6)    The failure to designate Litigation Material as "Confidential" or "Highly

11    Confidential" within thirty (30) days after production or after the receipt of a deposition transcript

12    containing information so designated shall not waive a party's or nonparty's right to later so

13    designate such Litigation Materials.  If Litigation Materials claimed to be "Confidential" or

14    "Highly Confidential" are produced without that designation, such Litigation Materials and all

15    copies thereof shall be returned to the designating person for such designation within five

16    business days of any written notice requesting their return and provision of replacement copies of

17    the documents bearing the corrected designations, or immediately stamped "Confidential" or

18    "Highly Confidential" as requested by the designating person.  The receiving party may challenge

19    the designation of the documents as provided in this Order, but the inadvertent production of

20    Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or

21    "Highly Confidential" without that designation shall not constitute a waiver of confidentiality.

22    7)    For deposition testimony, counsel may invoke the provisions of this Order by

23    stating on the record during the deposition that testimony given at the deposition is designated

24    "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions

25    thereof as "Confidential" or "Highly Confidential" within thirty (30) days after that counsel has

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM              5

1  received the deposition transcript.  Unless otherwise ordered by the Court, no person shall be

2  present during any portion of any deposition designated as "Confidential" or "Highly

3  Confidential" unless that person is an authorized recipient of Litigation Materials containing such

4  confidential information under the terms of this Order.  If a designation is made during the

5  deposition, then the court reporter shall separately bind that portion of the deposition to bear an

6  appropriate legend concerning the degree of Confidentiality.  If designations are made after the

7  deposition, then copies of deposition pages shall be provided by the designating party which

8  identify the page and line numbers being so designated and the degree of confidentiality.

9      8)    Before use or disclosure of any Litigation Material designated "Confidential" or

10  "Highly Confidential" in a hearing or other courtroom proceeding, the party or nonparty who

11  seeks to use or disclose the material shall provide reasonable notice to the designating person, to

12  give the designating person an opportunity to request that the Court clear the courtroom, and if

13  the request is refused, then the designating party shall request the opportunity for a brief stay to

14  address the matter with the Court.  This provision, however, shall not foreclose or otherwise limit

15  the opponent's ability to present the material, information, or testimony.

16      9)    Any objection to a designation shall be in writing, sent to the designating party,

17  and shall state the reasons for the objection and the purpose for which the objecting party intends

18  to use the Litigation Materials in question.  The parties involved shall attempt to negotiate an

19  informal resolution of the dispute in compliance with Local Rule 37-251 as appropriate.  If

20  attempts at an informal resolution of any such dispute prove unsuccessful, the party objecting to

21  the designation may file with the Court a regularly noticed motion, in full compliance with the

22  procedures set forth in Local Rule 37-251, to remove the "Confidential" or "Highly Confidential"

23  designation of that Litigation Material in accordance with the Local Rules.  Any Litigation

24  Material the designation of which is subject to such dispute shall remain so designated and shall

25  be treated in accordance with such designation pending further order of the Court.  The party

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM    6

1    asserting the confidentiality of any such Litigation Material shall bear the burden of establishing

2    that the Litigation Material is entitled to the designation.  Failure to challenge the designation

3    shall not be construed as an admission that the Litigation Material was properly designated

4    "Confidential" or "Highly Confidential."

5        10)     If any Litigation Material designated "Confidential" or "Highly Confidential"

6    pursuant to this Order is used during the course of a deposition, the portion of the deposition

7    record reflecting such "Confidential" or "Highly Confidential" information shall be sealed and

8    stamped as "Confidential" or "Highly Confidential," respectively, and access thereto shall be

9    limited pursuant to the terms of this Order.  If a designation is made at the deposition, the court

10   reporter shall separately bind the Confidential or Highly Confidential portions of the deposition

11   to facilitate access and use of the deposition.  If a designation is made after the completion of the

12   deposition transcript, the designation shall include a copy of the page(s) of the deposition so

13   designated with markings to indicate the extent (i.e., page and line numbers) and nature

14   (Confidential or Highly Confidential) of the designation.

15       11)     The following procedures shall govern the filing of "Confidential" or "Highly

16   Confidential" materials with the Court:

17               a)      A party who lodges or files any paper, pleading, exhibit, or other

18                       document containing "Confidential" or "Highly Confidential" materials

19                       shall, pursuant to Local Rule 39-141, present an application to file the

20                       document under seal, and shall state on the first page of the document

21                       containing such "Confidential" or "Highly Confidential" materials that the

22                       document contains "Confidential" or "Highly Confidential" materials and

23                       is submitted with an application that the confidential portions of the

24                       document be filed under seal.  Good cause for filing under seal must be

25                       shown in the application.  Any document that is filed in opposition or

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM          7

reply to any such sealed document and discusses, describes, or quotes any portion of the contents of the sealed document shall itself be filed with an application that the confidential portions of the document be filed under seal.  All documents filed in connection with any motion or proceeding related to compliance with, performance under, or construction or violation of this Protective Order shall be filed with an application that the document be filed under seal.  However, documents that do not contain Litigation Materials protected by the Protective Order shall not be filed under seal.  Motions made at trial while the parties are physically present upon the making of the motion and able to designate matters contained in those motions as Confidential or Highly Confidential, need not be initially filed under seal, however this provision shall be without prejudice to the parties' ability to designate matter contained in those motions as Confidential or Highly Confidential, as appropriate.  Where a party intends to use Litigation Materials designated as "Confidential" or "Highly Confidential" in support of a dispositive motion and objects to the designation of the materials as such, those Litigation Materials shall be identified in the Local Rule 37-251 Conference so that the parties can either reach a stipulation concerning their handling on the motion or obtain a determination from the Court, on an ex parte basis or otherwise, concerning the sealing of the documents prior to the filing of the dispositive motion.

b)   A party who lodges or files any document containing "Confidential" or "Highly Confidential" materials shall submit it to the Court in a sealed envelope that bears the caption of this case and the following legend:

**CONFIDENTIAL-FILED SUBJECT TO COURT ORDER. THE PAPERS IDENTIFIED ABOVE AND CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED OR COPIED EXCEPT BY THE COURT OR PURSUANT TO COURT ORDER.**

The document being filed under seal must also be accompanied by a copy of the Protective Order, or, under the case number of the title page, type "Filed Under Seal Pursuant To Protective Order Dated _____."

12) Whenever any person who has any legal or practical interest (other than that of simply being a party in this litigation) in any Litigation Material produced or disclosed by any other party or nonparty believes in good faith that such Litigation Material contains "Confidential" or "Highly Confidential" material, such person may designate such Litigation Material as "Confidential" or "Highly Confidential," even if the Litigation Material has not been so designated by the person producing or disclosing the Litigation Material.

13) Litigation Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this litigation):

    a) the Court;

    b) court reporters who record depositions or other testimony in this action;

    c) outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and clerical assistants;

1        d)     any named plaintiff, and any corporate party's employees who are actively
2                assisting counsel in the defense of this action;

3        e)     third-party consultants and independent experts;

4        f)     after signing an acknowledgment in the form of Exhibit "B" or with the
5                permission of the trial judge, witnesses at trial or in preparation for trial, or
6                at a deposition in this litigation or in preparation for such a deposition, and
7                the counsel representing the witness in connection with trial or such a
8                deposition;

9        g)     after signing an acknowledgment in the form of Exhibit "B" or with the
10               permission of the trial judge, a putative class member represented by any
11               of the undersigned attorneys;

12        h)     any individual expressly named in the particular Litigation Material as
13               having authored, received, or having knowledge of the information
14               contained in that Litigation Material, and such persons as actually received
15               such material;

16        i)     independent contractors engaged in one or more aspects of organizing,
17               copying, imaging, filing, coding, converting, storing or retrieving data,
18               documents or other information, or designing programs for handling data
19               connected with this Action, including the performance of such duties in
20               relation to a computerized litigation support system; and

21        j)     any other person upon the written agreement of the party or nonparty that
22               designated the Litigation Material as "Confidential" (which agreement
23               may be recorded in a deposition or other transcript), or pursuant to court
24               order after a regularly-noticed motion.

25

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM       10

14)     Litigation Materials designated or treated as "Highly Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution or defense of this Action):

a)      the Court;

b)      court reporters who record depositions or other testimony in this action;

c)      outside and in-house counsel for the parties who are actively involved in the prosecution or defense of this litigation, and their paralegal, secretarial and clerical assistants;

d)      third-party consultants and independent experts, provided that (1) such consultant or expert executes an agreement in the form attached hereto as Exhibit A concerning employment of such consultant or expert by competitors of defendant Polo; or (2) the identity and background of such consultant or expert is first supplied in writing to the designating person, who shall have twenty (20) days from receipt of such information to file a motion, filed in compliance with Local Rule 37-251, challenging the provision of "Highly Confidential" Litigation Material to that consultant or expert, and no "Highly Confidential" Litigation Material shall be provided to any such consultant or expert until the twenty (20) day period has elapsed or any timely motion has been decided, whichever is later;

e)      any individual expressly named in the particular Litigation Material as having authored, received, or having knowledge of the information contained in that Litigation Material, and such persons as actually received such material;

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM            11

f)     after signing an acknowledgment in the form of Exhibit "B", any named plaintiff with the exception that as to Personally Identifiable Information, only that named plaintiff's information may be disclosed to that named plaintiff;

g)     After signing an acknowledgment in the form of Exhibit "B", witnesses at trial or in preparation for trial, or at a deposition in this litigation or in preparation for such a deposition, and the counsel representing the witness in connection with trial or such a deposition; provided that the identity of such witness and the "Highly Confidential" Litigation Materials must first be supplied in writing to the designating person within a reasonable time before such disclosure, to allow the designating person an opportunity to challenge the disclosure;

h)     independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or other information, or designing programs for handling data connected with this Action, including the performance of such duties in relation to a computerized litigation support system; and

i)     any other person upon the written agreement of the party or nonparty that designated the Litigation Material as "Highly Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

15)     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of "Confidential" or "Highly Confidential" Litigation Materials; provided, that in rendering such

advice and otherwise communicating with such client, counsel shall not make any disclosure of the substance of Litigation Material so designated except as otherwise allowed in this Order.

16)     Nothing in this Order shall impose any restrictions on the use or disclosure by a party of Litigation Materials designated "Confidential" or "Highly Confidential" by that party, as the party deems appropriate.

17)     Nothing in this Order shall constitute a waiver by Polo of, and Polo expressly reserves all of its rights regarding, any of its arguments for a motion for a stay of discovery pending disposition of the motion to dismiss, bifurcation of the class action and merits discovery, or any arguments contained in its pending motion to dismiss.  This Order does not purport to set out the full extent of such arguments or rights.  Nor does the agreement to enter into this Order in any way constitute a waiver of Polo's rights to seek any remedy under the Federal Rules of Civil Procedure of the Local Rules of the United States District Court for the Eastern District of California.

18)     If, at any time, any Litigation Material in the possession, custody or control of any person other than the person who originally produced such Litigation Material is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person to whom the subpoena or request is directed shall immediately provide written notice to each person who originally produced such Litigation Material or designated it "Confidential" or "Highly Confidential," and the person to whom the subpoena or request is directed shall not take an adverse position to such person(s) opposing the subpoena or request for such Litigation Material.

19)     Each person (except the persons described in paragraphs 13(a)-(d), (h) and 14(a) (c), (h) of this Order) permitted to have access to any Litigation Material designated or treated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall, prior to being afforded access to such Litigation Material, be shown this Order and sign an agreement in the

form attached hereto as "Exhibit B," or, for those persons described in paragraph 14(d), an agreement in the form attached hereto as "Exhibit A."  A file shall be kept and maintained by the attorneys of record for each party of all such written agreements signed by persons to whom the party has disclosed Litigation Materials.

20)     In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person (if different), and shall describe the circumstances surrounding the unauthorized disclosure.

21)     The parties adopt the provisions of Proposed Rule of Evidence 502(b) for the purposes of this case, which provide as follows:

"(b)     Inadvertent disclosure. - When made in a federal proceeding or to a federal office or agency, the disclosure [of a communication or information covered by the attorney-client privilege or work-product protection] does not operate as a waiver in a federal or state proceeding if:

"(1)     the disclosure is inadvertent;

"(2)     the holder of the privilege or protection took reasonable steps to prevent disclosure; and

"(3)     the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B)."

a)     If any person produces in discovery any information subject to attorney-client privilege, work product immunity, joint-defense privilege, common interest privilege, and/or any other privilege, protection, or immunity, the producing person may (promptly upon learning of such

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM          14

production) notify the receiving party or parties of such production.  Upon

such notification: the receiving party or parties shall promptly return to the

producing person all such information (including, without limitation, any

documents containing or comprising such information); the information

(including, without limitation, any documents containing or comprising

such information) shall continue to be privileged, protected, and/or

immune; and no use shall be made of such information (including, without

limitation, any documents containing or comprising such information) by

the receiving party or parties, nor shall it be disclosed to anyone further by

the receiving party or parties pending the resolution of a motion under

Rule 502(b) or otherwise, if the parties cannot agree that the matter is

privileged or otherwise protected.  Upon agreement or order, the receiving

party or parties shall promptly provide to the producing person a written

certification of the complete return of such information (including, without

limitation, any documents containing or comprising such information);

provided that, to the extent any receiving party has incorporated any such

information in its own work product, it may (instead of providing such

work product to the producing person) destroy such information

incorporated in that work product and promptly certify that such

destruction has occurred after agreement is reached confirming that the

materials are privileged, or a court so rules.

b)     The producing person shall list on a privilege log any document governed

by this paragraph promptly after that document has been returned to the

producing person by any receiving party.

c)   Nothing in this paragraph shall affect any position that any information governed by this paragraph is not subject to any privilege, protection or immunity because of factors other than its production in discovery in this Action, but the possibility or assertion of any such position shall not relieve any party of its obligations under this paragraph, unless the Court rules otherwise upon motion of any party hereto.

22)   Any document depository created in this Action shall be treated as a receiving party of Litigation Materials for purposes of this Order.

23)   Within 90 days after the termination of this Action (by settlement, or judgment and exhaustion of appeals), the originals and all copies, whether exact copies or compilations, digests or non exact copies in any form, of Litigation Materials that have been designated as Confidential or Highly Confidential shall be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), with the exception of any Confidential or Highly Confidential Litigation Materials stored on a computer, which must be "scrubbed," or otherwise eliminated, within the same 90 day period.  Any party that "scrubs," or otherwise eliminates, such Litigation Materials from a computer must, within the same 90 day period, certify to the producing party that all such materials have been so eliminated.  Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order.

24)   Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.  The Court will not enter a protective order that extends beyond the commencement of trial.

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM              16

1      25)    By this Order, the parties are not agreeing that these provisions are necessarily

2  adequate to protect the confidentiality of all Litigation Materials.  Nothing in this Order shall

3  prevent any party from seeking additional protection from the Court for any particular Litigation

4  Material, as the party deems appropriate.

5      SO STIPULATED by Plaintiff.

6

7

8  DATED:  June  23, 2008          By_____/s/_____

9                                            Gene J. Stonebarger

10

11      SO STIPULATED by Defendant.

12

13  DATED:  June 24, 2008          By_____/s/_____

14                                       John W. McGuinness

15      IT IS SO ORDERED.

16  DATED: June 26, 2008.

17

18                              _____

19                            UNITED STATES MAGISTRATE JUDGE

20  C. Brandon Wisoff, State Bar No. 121930

21  FARELLA BRAUN & MARTEL LLP
      235 Montgomery Street, 17th Floor

22  San Francisco, CA 94104
      Phone: (415) 954-4400 / Fax: (415) 954-4480

23

24  John M. Callagy, Esq., Pro Hac Vice
      KELLEY DRYE & WARREN LLP

25  101 Park Avenue
      New York, NY 10178-0002

26

1  Phone: (212) 808-7800 / Fax: (212) 808-7897

2  Thomas E. Gilbertsen, Esq., Pro Hac Vice
   Donna L. Wilson, State Bar No. 186984
3  John W. McGuinness, Esq., Pro Hac Vice
   KELLEY DRYE & WARREN LLP
4  3050 K Street, N.W.
   Washington, D.C. 20007
5  Phone: (202) 342-8400 / Fax: (202) 342-8451

6  Attorneys for Defendant
   POLO RALPH LAUREN CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM                18

**EXHIBIT A**
**DECLARATION AND AGREEMENT CONCERNING HIGHLY CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER**

I hereby acknowledge and agree that:

1.     I have read the attached Stipulation and Confidentiality Order entered in the United States District Court for the Eastern District of California in the action Korn v. Polo Ralph Lauren Co., Case No.  07-CV-02745-FCD-JFM.  I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order.  I understand that a violation of this undertaking could be punishable as a contempt of court.

2.     If I become employed by, or begin consulting with or providing any other type of assistance to any competitor of Polo Ralph Lauren Corporation (the "Defendant") at any time between now and two years after the conclusion of this litigation, including any appeals therefrom, I will immediately do the following:  (a) identify myself to the Defendant or its respective counsel; (b) reveal to the Defendant or its respective counsel the nature of the new employment and the entity involved; (c) reveal to the Defendant or its respective counsel what "Highly Confidential" material I have in my possession and what "Highly Confidential" material I have reviewed in the past; (d) return to the Defendant or its respective counsel all copies of any "Highly Confidential" material that has been provided to me or certify in writing that all such material has been destroyed; and (e) return to the Defendant or its respective counsel any notes or other information derived from such material, or certify in writing that all such material has been destroyed.  I also agree not to divulge any of the information contained in the "Highly Confidential" material to any competitor of the Defendant, and not to use such information in any work I might accomplish for any such competitor.  Nothing herein shall be construed as preventing any declarant from employment by any competitor.

3.     Under penalty of perjury under the laws of the State of California I attest to and agree to the above.

DATED:  _____, 2008     By _____

(Signature)

_____

(Print Name)

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM            19

**EXHIBIT B**
**AGREEMENT CONCERNING MATERIAL**
**COVERED BY PROTECTIVE ORDER**

I hereby acknowledge that:  I have read the attached Stipulation and Confidentiality Order entered in the United States District Court for the Eastern District of California in the action *Korn v. Polo Ralph Lauren Co.*, Case No.  07-CV-02745-FCD-JFM.  I understand the terms thereof; I agree to comply with and be bound by those terms; and I consent to the jurisdiction of the Court for enforcement of that Order.  I understand that a violation of this undertaking could be punishable as a contempt of court.

DATED: _____, 2008                    By_____
                                                                    (Signature)


                                                            _____
                                                                    (Print Name)

STIPULATED PROTECTIVE ORDER
Case No. 07-CV-02745 FCD JFM                    20