James M. Lindsay, State Bar No. 164758
Gene J. Stonebarger, State Bar No. 209461
LINDSAY & STONEBARGER
A Professional Corporation
620 Coolidge Drive, Suite 225
Folsom, CA 95630
Telephone: (916) 294-0002
Facsimile: (916) 294-0012

James R. Patterson, State Bar No. 211102
Harry W. Harrison, State Bar No. 211141
HARRISON PATTERSON O'CONNOR & KINKEAD LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991

Attorneys for Plaintiff Brian Korn

[Additional Counsel Listed on Last Page]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| BRIAN KORN, individually; on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware corporation; and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 2:07-CV-02745 FCD JFM<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION AND ORDER FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1404, OR, ALTERNATIVELY, JOINT REQUEST FOR EXPEDITED STATUS CONFERENCE OR HEARING** |

Plaintiff, Brian Korn ("Korn"), and Defendant, Polo Ralph Lauren Corporation ("Polo") (collectively, "Parties"), by and through their respective attorneys, respectfully submit this Joint Stipulation and [Proposed] Order for Change of Venue Pursuant to 28 U.S.C. §1404, or, Alternatively, Joint Request for Expedited Status Conference or Hearing relating to the above-referenced matter (the "*Korn* action").

**RECITALS**

1. As Polo described in its June 26, 2009 letter to this Court [Dkt. No. 56], the Parties attended Mediation sessions with the Honorable Gary L. Taylor (Ret.) of JAMS on September 9, 2008, October 14, 2008 and December 16, 2008, wherein and after which the Parties reached agreement as to all material terms. These Mediation sessions were held jointly with the attorneys and parties in a related action now pending in the Central District of California, Southern Division, styled *Shabaz, et al., v. Polo Ralph Lauren Corporation, et al.,* Case No. SA CV 07-1349 AG (ANx) (the "*Shabaz* action"), which was also resolved in conjunction with the *Korn* action as a result of these Mediation Sessions.

2. In the interest of judicial efficiency and economy, and as provided in the proposed Settlement Agreement, the Plaintiffs in the *Korn* and *Shabaz* actions and Polo sought to coordinate the two actions for the sole purpose of settling and seeking court approval of that proposed settlement. They thus filed in this action [Dkt. No. 54] and the *Shabaz* action two substantially similar Joint Motions for Coordination seeking coordination of *Korn* with the *Shabaz* action – the latter of which was first-filed and featured the more comprehensive putative class.

3. On June 1, 2009, the Honorable Andrew J. Guilford, who is presiding over the *Shabaz* action, granted the coordination motion, ordering, *inter alia*, that: (1) the *Shabaz* action and the *Korn* action be coordinated for the sole purpose of seeking court approval of the Proposed Class Action Settlement relating to the actions; (2) the coordinated actions be assigned to the *Shabaz* Court, for the sole purpose of determining whether the Proposed Settlement Agreement relating to the coordinated actions should be approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (3) a preliminary approval hearing date and a final approval hearing date be set before the *Shabaz* Court in accordance with the terms of the proposed Settlement Agreement.

4. On June 4, 2009, this Court denied the Joint Motion:

> The Court notes that the parties fail to cite any statutory authority for [the Joint Motion]. The parties seek to coordinate pretrial proceedings with a related case

2

JOINT STIPULATION AND ORDER FOR CHANGE OF VENUE PURSUANT TO 28 U.S.C. § 1404, OR, ALTERNATIVELY, JOINT REQUEST FOR EXPEDITED STATUS CONFERENCE OR HEARING

pending in the Central District of California, but do not seek transfer of the case in its entirety pursuant to 28 U.S.C. 1404; as such, the Court finds that the provisions of 28 U.S.C. 1407 are applicable.  Because the parties have not submitted this case for transfer to the judicial panel on multidistrict litigation, the Court DENIES the motion as procedurally defective.  [Dkt. No. 55]

5. On June 22, 2009, without Polo's agreement or consent as to the timing of the filing, Plaintiff Shabaz moved before Judge Guilford for preliminary approval of the proposed Settlement Agreement as to both the *Korn* and *Shabaz* actions, and he set a hearing date for his motion of July 20, 2009.

6. The Parties fully support the proposed Settlement Agreement, and submit that it is fair, reasonable, adequate, and in the best interests of the Plaintiffs in both actions, as well as members of the putative classes.

7. On June 26, 2009, Polo filed a letter in this Court apprising the Court of recent events relating to the proposed settlement in the *Korn* and *Shabaz* actions, as well as Polo's concerns regarding the appropriateness of the timing of Plaintiff Shabaz's filing of the motion for preliminary approval, in light of this Court's and Judge Guilford's recent rulings.  On that same day, Polo filed a notice and request for an expedited status conference or hearing in the *Shabaz* action.

## **STIPULATION**

Accordingly, and in conformance with this Court's June 4, 2009 Order, the Parties stipulate, agree and respectfully request that the Court enter an order providing that this Court transfer the venue of the *Korn* action, which has been settled in conjunction with the *Shabaz* action pursuant to the proposed Settlement Agreement, to Judge Guilford, in the Central District of California.

Change of venue is proper here pursuant to 28 U.S.C. 1404(a) to the Central District, where the first action (*Shabaz*) was filed and where the more comprehensive putative class is featured, for the convenience of the Court and the parties.  Furthermore, change of venue is proper in the interest of justice, in that it would be unnecessarily duplicative to seek review and approval of the proposed Settlement Agreement in two separate courts, and it would unduly delay resolution of the cases.  Similarly, the Courts would unnecessarily expend judicial

resources by addressing the same legal and factual issues, which potentially could lead to inconsistent rulings.

This Court has the authority to enter an order for a change of venue, because the Court may transfer any civil action to any other district where it might have been brought pursuant to 28 U.S.C. 1404(a).  The *Korn* action could have been brought in the Central District of California, as Polo owns and operates retail stores within that District.

**JOINT REQUEST FOR EXPEDITED STATUS CONFERENCE OR HEARING**

Alternatively, should the Court not enter an order providing that this action be transferred to Judge Guilford in the Central District, or should the Court wish to confer with the Parties, the Parties respectfully request an expedited status conference or hearing.

SO STIPULATED BY PLAINTIFF.

Dated:  July 8, 2009     LINDSAY & STONEBARGER, APC

By:   /s/
   Gene J. Stonebarger
   Attorneys for Plaintiff Brian Korn

SO STIPULATED BY DEFENDANT.

Dated:  July 8, 2009     KELLEY DRYE & WARREN LLP

By:   /s/
   Donna L. Wilson
   Attorneys for Defendant Polo Ralph
   Lauren Corporation

**IT IS SO ORDERED** that this action is transferred to Judge Guilford in the United States District Court for the Central District of California.

Dated:  July 8, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE